United States District Court
District of Nebraska

| | |
|---|---|
| **Dale Helms and Debra J. Helms,** | Case No. CI 4:16-cv-03010 |
| **Plaintiffs,** | |
| v. | **Amended Complaint & Jury Demand** |
| **Old Republic National Title Insurance Company,** | |
| **Defendant.** | |

Plaintiffs allege:

### Overview

1. On or before August 23, 2012, Old Republic National Title Insurance issued an Owner's Policy of Title Insurance ("Policy") to Dale Helms and his spouse, Debra J. Helms, for 240 acres of cropland with irrigation potential located in Furnas County, Nebraska. The Policy had an effective date of October 15, 2012 and claimed to inform parties of all encumbrances on the Furnas County land. The Policy failed to show twenty-two (22) acres of the cropland were owned by the U.S. Government as an easement and would limit a landowner from making any changes to the landscape, elevation, or gradation of the land.

2. The easement substantially decreased the land's value. Plaintiffs planned on irrigating the land, purchased water rights at great expense, changed the terrain of the land, and purchased a pivot to irrigate 102 acres. After completing these steps to farm the land, Plaintiffs were notified by the US Government that it owned a twenty-two (22) acre easement, the changes made to the land were not permitted, and the land would need to be returned to its original state at Plaintiffs' cost. The easement should have been disclosed by the Policy.

3. The Helms sue for damages because of the Policy's errors.

## Jurisdiction, Venue, Parties

4. The United States District Court has subject matter jurisdiction of this action pursuant 28 *USC* §§ 1332(a)(1) & (c). The amount in controversy exceeds $75,000 exclusive of interest and costs. Plaintiffs are Nebraskans. Defendant is a Minnesota insurance company. There is complete diversity of citizenship between the parties.

5. Venue is proper in this court pursuant to 28 *USC* § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred in Nebraska, and a substantial part of the property affected by this action was found in Nebraska. The insurance policy was also issued in Nebraska

6. The Plaintiffs are Dale Helms and his spouse, Debra J. Helms, both Nebraska residents. Mr. and Mrs. Helms were the users of the Policy and relied on it to complete the sale transaction for the land. Mr. and Mrs. Helms are the people identified as insured by Old Republic National Title Insurance Company, policy number 0X652136.

7. The Defendant is Old Republic National Title Insurance Company. Its office is located at 400 Second Avenue South, Minneapolis, Minnesota, 55401.

## The Insurance Policy

8. In 2012, as confirmed by a letter incorrectly dated as 2013, McCook Abstracting procured a title insurance policy from Old Republic as its agent and caused it, or a binder for it, to be issued to Plaintiffs. Plaintiffs were the purchasers of a farm for which title coverage was sought. This Policy provides title insurance from any nondisclosed defects or encumbrances not disclosed in the title insurance policy for the property described as the

> SE ¼ and the E ½ of the SW ¼, Section 12, Township 4 North, Range 24 West of the 6th PM, Furnas County, Nebraska.

The Policy had an effective date of 8:00 A.M. on October 15, 2012.

9. A copy of the Insurance Policy, Policy Number 0X652136, with its Declaration pages is attached to this Complaint marked as **Exhibit 1**. The Policy is made a part of this Complaint.

10. The Policy was issued by Old Republic National Title Insurance Company through its licensed agent and agency, McCook Abstract Company, McCook, Nebraska. McCook Abstract was authorized and licensed to act on behalf of the Defendant as its agents at all relevant time. It did so.

11. The Policy provided insurance coverage in the amount of $513,520 against:

> "loss or damage, not exceeding the Amount of Insurance, sustained or incurred by the Insured by reason of:
>
> 1. Title being vested other than as stated in Schedule A.
> 2. Any defect or lien or encumbrance on the Title. This Covered Risks includes but is not limited to insurance against loss from…
> 7. The exercise of rights of eminent domain if a notice of the exercise, describing any part of the Land, is recorded in the Public Records.
> 8. Any taking by a governmental body that has occurred and is binding on the rights of the purchaser for value without Knowledge.
>
> The Company will also pay the costs, attorney's fess, and expenses incurred in defense of any matter insured against by this Policy, but only to the extent provided in the Conditions."

12. Plaintiffs relied, to their detriment, on the Policy and believed they were receiving an unencumbered piece of land that could be converted to irrigated cropland. They closed on the purchase of the land on October 15, 2012. After purchasing the land, they purchased water rights, changed the elevation and drainage of the land, and purchased and installed a pivot to operate on the land.

13. The Policy did not describe the US Government's easement in the property taken by condemnation proceedings in the 1940s. The condemnation proceedings were of public record and were readily identifiable. Only later, after efforts to improve the land were made did Plaintiffs become aware of the US Government's property rights in the land.

## Breach of Contract

14. All allegations above are renewed here.

15. The insurance contract Policy did not describe all encumbrances on the land and did not include the US Government's 22-acre interest.

3

16. Plaintiffs timely made demand on the Policy on October 14, 2015, for their loss. Defendant has refused to pay their demand or provide benefits under the Policy. It has breached the Policy by failing to do so.

17. As a direct, proximate result of Defendant's breach of its contractual obligations by refusing to pay benefits under the Policy, Defendant has breached its contractual obligations to Plaintiffs and caused Plaintiffs to sustain damages for the lost value of the real estate not conveyed to them and the diminished value of the real estate that was actually conveyed.

18. Plaintiffs reasonably performed all their contractual obligations to Defendant. They paid all premiums in full.

19. Defendant's breach of the Policy has caused Plaintiffs to sustain losses for these amounts, which represent sums due to Plaintiffs under the insuring provisions of the Policy:

| Description | Amount |
|---|---:|
| FMV of Acres Sold But Owned by Federal Government (21 ac x $4,800 / ac) | $100,800.00 |
| Loss of FMV for Acres That Would Have Been Irrigated But Must Now Be Dry crop land | $171,839.34 |
| Discount for Dry crop Acres Not Actually Paired w/ Irrigated Acres ($500 /ac x 133 ac) | $55,500.00 |
| Consequential Damages for Investment In Pivot (Installation and Removal) | $33,000.00 |
| Consequential Damages for Purchased Surface Water Rights That Could Not Be Used Because of US Government's Easement (123.4 acres & $950 / ac = $117,230.00 | $117,230.00 |
| Consequential Damages for Purchase and Resale of Pivot | $10,900.00 |
| Costs to Contour and Shape Government Land and to Restore Land original status | $36,000.00 |
| Legal Costs to Attempt to Mitigate Damages | $10,000.00 |
| **Damages** | **$535,269.34** |

Total damages are in excess of the Policy Limit of $513,520.

4

CH2121 v 02

20. As further, direct, proximate results of the Defendant's breaches, Plaintiffs were compelled to engage legal counsel, conduct and pay for an investigation, and incur past and accruing litigation costs, fees, and expenses. These are estimated to total at least one-third (1/3) of the Plaintiffs' claims. Defendant is obligated to pay these costs, fees, and expenses pursuant to *Neb Rev Stat* § 44-359.

### Requests for Relief

21. On the foregoing basis, Plaintiffs request judgment for:
    - 21.1. All damages owing and due under the insurance policy for $513,520;
    - 21.2. Prejudgment interest to the extent permitted by law;
    - 21.3. Fees for the services of the Plaintiffs' lawyers and litigation expenses, including fees for court costs, expert witnesses, travel, and other expenses necessarily incurred or to be incurred to prosecute this litigation on all claims;
    - 21.4. Taxable costs.

### Jury Demand

22. Plaintiffs respectfully demand trial by jury.

January 19, 2016.

        Dale Helms and Debra J. Helms,
        Plaintiffs

       By: /s/ David A. Domina
        David A. Domina, #11043
        Christopher A. Mihalo, #24705
        DominaLaw Group pc llo
        2425 S. 144th St.
        Omaha, NE 68132
        402-493-4100
        ddomina@dominalaw.com

       *Plaintiffs' Lawyers*

CH2121 v 02